**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0654n.06
Filed: August 3, 2005

**04-3951**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ALLEN KRUPAR, JR., and SHARON KRUPAR,

    Plaintiffs-Appellants,

v.

CITY OF PARMA HEIGHTS; Patrolman MOLNAR; Patrolman KUNKER; Sergeant GREEN; Patrolman DEILY; Sergeant SCHEURING; and Patrolman MEHLMAN,

    Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and HOOD,[*] District Judge.

PER CURIAM. Plaintiffs Allen Krupar and his mother, Sharon Krupar, brought suit against the City of Parma Heights and six city police officers alleging deliberate indifference to Allen Krupar's serious medical needs in violation of the Eighth and Fourteenth Amendments. Krupar, who has severe mental health problems, was arrested by the Parma Heights Police Department after assaulting his mother. When Krupar appeared in court the morning after his arrest, he turned and – in what the complaint describes as "an act of self-

---

[*]The Hon. Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

mutilation" – ran into a wall head-first, causing permanent paralysis. The Krupars argue that the defendants showed deliberate indifference to Allen Krupar's mental health needs by failing to conduct a full-scale psychological evaluation and failing to hospitalize him before his court appearance. The plaintiffs now appeal the district court's determination, on summary judgment, that they failed to establish deliberate indifference on the part of the defendants. The Krupars further allege on appeal that the district court erred by staying discovery pending the resolution of the motion for summary judgment and by dismissing, rather than remanding, the Krupars' state claim.

The undisputed evidence in the record shows that the defendants acted appropriately to address Krupar's needs by placing him on suicide watch at the jail and issuing him his psychiatric medication. Krupar had no clearly established constitutional right to immediate hospitalization for his mental health problems. In the absence of proof of a clearly established constitutional right, the district court correctly granted summary judgment in favor of the defendants.

Moreover, the district court did not abuse its discretion by staying discovery pending a ruling on the motion for summary judgment. In evaluating the threshold legal questions regarding qualified immunity, the district court relied on facts that had been conceded by the plaintiffs. Furthermore, the plaintiffs did not request further discovery, as required by Federal Rule of Civil Procedure 56(f), and there is no indication that additional discovery would have changed the outcome of the case.

There was likewise no abuse of discretion in the decision to dismiss the plaintiffs' pendent state claims.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion and order dated July 1, 2004.